# EXHIBIT A

**KOLLER LAW LLC**
David M. Koller (037082002)                                               *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com

**IN THE SUPERIOR COURT OF NEW JERSEY
OF OCEAN COUNTY
LAW DIVISION – CIVIL**

| | |
|---|---|
| THERESA BROWER, | : |
| 17 Hillside Avenue | : |
| Barnegat, NJ 08005 | : |
|       Plaintiff, | : |
| | :    DOCKET NO. |
| v. | :    CIVIL ACTION |
| | : |
| THE TJX COMPANIES, INC. d/b/a | : |
| MARSHALLS | :    **COMPLAINT AND** |
| 635 Bay Avenue | :    **JURY DEMAND** |
| Toms River, NJ 08753 | : |
| | : |
| 770 Cochituate Road | : |
| Framingham, MA 01701 | : |
|       Defendant. | : |

**COMPLAINT**

Plaintiff, Theresa Brower, by and through her counsel, Koller Law LLC, hereby files this Complaint against Defendant, The TJX Companies, Inc. d/b/a Marshalls, alleging violations under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12. In support thereof, Plaintiff avers as follows:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff, Theresa Brower ("Plaintiff"), is an individual resident of the State of New Jersey whose residence is located at 17 Hillside Avenue, Barnegat, NJ 08005.

2. Defendant, Cenlar FSB ("Defendant"), is a a chain of retail stores with a location at 635 Bay Avenue, Toms River, NJ 08753 and with a corporate headquarters located at 770 Cochituate Road, Framingham, MA 01701.

## JURISDICTION AND VENUE

3. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

4. Jurisdiction and venue are proper in this Court as facts and circumstances that give rise to this Complaint occurred in the State of New Jersey, including in and around the County of Ocean, and Defendant is considered at home in the County of Ocean.

## MATERIAL FACTS

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. Plaintiff was born on July 18, 1957.

7. On December 31, 2016, Defendant hired Plaintiff in the position of Sales Associate.

8. Plaintiff was well qualified for her position and performed well.

9. Plaintiff's coworkers and Supervisors were in their 20's and 30's.

10. Throughout Plaintiff's employment, Plaintiff's coworkers and supervisors frequently asked her how old she was.

11. Plaintiff felt that these questions were inappropriate and refused to answer.

12. In or around mid-2019, a Supervisor (20's) made Plaintiff wait when she informed her that she had to use the restroom.

13. This Supervisor frequently stated to Plaintiff that she should wear a diaper.

14. When Plaintiff informed the Supervisor that she was not a baby, the Supervisor commented that she should put on depends before work.

2

15. Plaintiff was shocked and appalled by this Supervisor's discriminatory and derogatory comment directed towards her age.

16. This Supervisor continued to make similar comments to Plaintiff approximately every shift that she supervised Plaintiff.

17. Plaintiff attempted to complain to Debra Love (early 40's), Store Manager, in person about this Supervisor's discriminatory comments.

18. However, Ms. Love waived her hand and walked away from Plaintiff when she attempted to complain.  Ms. Love took no action to address Plaintiff's complaints.

19. In or around August 2019, Plaintiff called Defendant's corporate office and complained about the supervisor's discriminatory comments and Ms. Love's refusal to address her complaints.

20. Immediately following Plaintiff's complaint to Defendant's corporate office, Ms. Love was visibly angry with Plaintiff.

21. Ms. Love stated to Plaintiff that she "messed" with Defendant and proceeded to ignore her.

22. In or around September 2019, Ms. Love issued Plaintiff a written discipline for calling out sick.

23. That same month, Ms. Love issued Plaintiff a second written discipline for allegedly having a bad secret shopper.

24. However, Ms. Love refused to provide Plaintiff the video footage or any evidence of Plaintiff's alleged bad secret shopper.

25. In the end of October 2019, Ms. Love terminated Plaintiff for using the customer parking lot instead of the employee parking lot.

26. Plaintiff had previously been informed that she could park in the customer parking lot.

27. In addition, multiple Sales Associates in their 20's parked in the customer parking lot, but were not disciplined or terminated for doing so.

28. It is Plaintiff's position that she was discriminated against due to her age and retaliated against for her complaints in violation of the NJLAD.

### COUNT I – AGE DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12

29. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

30. Plaintiff was born on July 18, 1957.

31. Plaintiff was qualified to perform the job.

32. Defendant terminated Plaintiff.

33. Defendant treated younger employees more favorably than Plaintiff.

34. Defendant has no legitimate non-discriminatory reason for its actions.

35. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff, Theresa Brower, requests that the Court grant her relief against Defendant, The TJX Companies, d/b/a Marshalls, included in the Prayer for Relief, *infra*.

### COUNT II – RETALIATION
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. Plaintiff engaged in activity protected by the NJLAD when she complained of age discrimination to Defendant.

38. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

4

39. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff, Theresa Brower, requests that the Court grant her relief against Defendant, The TJX Companies, Inc. d/b/a Marshalls, included in the Prayer for Relief, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Theresa Brower, requests that the Court grant her the following relief against Defendant, The TJX Companies, Inc. d/b/a Marshalls:

(a) Compensatory damages;

(b) Punitive damages (where applicable);

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the LAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that, to the best of my knowledge, the matter in controversy is not subject of any other action pending in court or arbitration proceedings, and no other action is contemplated. I hereby also certify that to the best of my knowledge, and after diligent inquiry, the statements in the allegations made in the Complaint are true and correct. I understand that if any of the foregoing is willfully false, I am subject to punishment.

## JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues and counts.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: March 5, 2021

*/s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

6

**B&R Services for Professionals Inc.**
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

National Association of Professional Process Servers

Theresa Brower

-VS-

The TJX Companies, Inc. dba Marshalls

COURT: Superior Court of New Jersey
Ocean County

CASE NUMBER: OCN-L-000611-21

# AFFIDAVIT

B&R Control # PS178830.01
Reference Number

State of Pennsylvania
County of Philadelphia

James Finley, was at the time of service a competent adult, over 18 years of age, not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

On 4/8/2021 we received the **Summons and Complaint** and that service was effected upon: **Marshalls** at **635 BAY AVENUE, TOMS RIVER, NJ 08753** on **4/9/2021** at **2:14 PM**, in the manner described below:

**By service upon:** ANN GREFFIN, MANAGER, an agent or person authorized to accept service on behalf of Marshalls.

**Description:**
Gender: **FEMALE**    Race/Skin: **WHITE**    Age: **50 - 60 Yrs**    Weight: **100-130 Lbs.**    Height: **5ft0in - 5ft3in**
Hair: **BLONDE**    Glasses: **Yes**    Other:

Service Notes:

Commonwealth of Pennsylvania - Notary Seal
BRENDA M. RAVENELL, Notary Public
Philadelphia County
My Commission Expires December 16, 2023
Commission Number 1266310

Sworn to and subscribed before me this 15th day of April 2021

Process Server/Sheriff _____
ATTEMPTS:

Notary Public _____

Client    Phone (215) 545-8917    :    Filed Date: 03/05/2021    BR Serve By: 04/22/2021

Colleen S. Tannenbaum, Office Manager
Koller Law Firm, P.C.
2043 Locust St., Ste. 1B
Philadelphia, PA 19103



ORIGINAL